<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA TINA,<br><br>                Plaintiff,<br><br>            v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, JIM LEAHY, in his individual capacity, JOHN DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>                Defendants. | Case No. 2:23-cv-22601(BRM)(CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Patricia Tina ("Tina") Motion to Remand. (ECF No. 9.) Defendant Cognizant Technology Solutions Corporation ("Cognizant") and Defendant Jim Leahy ("Leahy") (collectively, "Defendants") filed an opposition (ECF No. 14), and Tina filed a reply (ECF No. 15). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Tina's Motion to Remand is **DENIED.**

**I.    BACKGROUND**

    **A.  Factual Background**

Tina was employed by the Cognizant and Leahy, Assistant Vice President and head of Global Workplace Services, from March 14, 2011, until June 13, 2023, when she was terminated at the age of 66. (ECF No. 1, Ex. A ¶¶ 6–7, 10, 46.) While employed, Tina performed a dual role as Leader of the North America Executive Assistant Program and managed a staff of twenty. (*Id.* ¶ 10.) Tina was accepted into Cognizant's Propel Program initiative in 2019 in a leadership

capacity. (*Id.*) In June 2022, Tina was informed by Leahy that she was being removed from managing the Hudson Yards Executive office, which she had managed for three (3) years. (*Id.* ¶ 15.) This role was now assigned to Felipe Oliveira ("Oliveira") who assured Tina, along with Leahy, that she would remain employed with Cognizant. (*Id.* ¶¶ 16, 19.) On October 24, 2022, Tina was told she was being removed from her role overseeing the North American Facilities and would focus on leading the Executive Assistant program. (*Id.* ¶¶ 20–21.) This contradicted what Tina was previously told by Oliveira and Leahy. (*Id.* ¶ 22.) Tina learned her position was given to two lesser experienced employees, one of whom was promoted to Tina's role after she was later terminated. (*Id.* ¶ 24.) Tina reached out to Oliveira for an explanation on the role change, and he stated he did not know until the night before. (*Id.* ¶¶ 25–26.) In May 2023, Cognizant announced a restructuring program to reduce their workforce by 1%. (*Id.* ¶ 28.) Before this, however, Tina's responsibilities had already been diminished. (*Id.* ¶ 29.)

Following this, Tina received her 2022 year-end appraisal, which was the lowest appraisal of her tenure. (*Id.* ¶ 31.) Tina requested an explanation from Leahy and Katherine Gatson, Human Resources, but was ignored on multiple occasions. (*Id.* ¶¶ 32–36.) Cognizant hired new managers who were much younger than Tina and were earning a higher salary. (*Id.* ¶ 41.) On June 13, 2023, Tina's employment was terminated. (*Id.* ¶ 45.)

**B. Procedural History**

On October 23, 2023, Tina filed a Complaint in the Superior Court of New Jersey, Law Division, Bergen County alleging three causes of action. (ECF No. 1, Ex. A.) The first count alleges Cognizant discriminated against Plaintiff on the basis of her age in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1, *et seq*. (*Id.* ¶ 51.) The second count alleges Leahy aided and abetted Cognizant in violation the NJLAD by discriminating

against Tina on the basis of her age. (*Id.* ¶ 61.) The third count alleges that Tina is entitled to the rights and protections provided under the NJ WARN Act, N.J. Stat. Ann. § 34:21-1-2. (*Id.* ¶ 65.)

On October 26, 2023, Tina served a copy of the Summons and Complaint on Defendants. (*Id.*) On November 22, 2023, Defendants filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) Cognizant argues that, at the time of the filing of the Complaint and at the time of removal, Cognizant is and was a citizen of Texas and Delaware under 28 U.S.C. § 1332(c). (ECF No. 1 ¶ 7.) Cognizant is incorporated in Delaware and has its principal place of business in Texas. (*Id.* ¶ 9.) Attached to Defendants Notice of Removal is Declaration of Jessica Watts and Declaration of James Leahy in support of Defendants' Notice of Removal and Tina's paystubs. (ECF No. 1 Ex. A–C.) Jessica Watts ("Ms. Watts") is employed by Cognizant as Discovery Counsel. (ECF No. 1 Ex. A ¶ 1.) Ms. Watts declares that Tina was an employee with Cognizant, which is incorporated in the State of Delaware and has its principal place of business in Texas. (*Id.* ¶ 3.) Leahy's Declaration asserts that he has been a citizen of New York for approximately 54 years. (ECF No. 1 Ex. B ¶ 2.)

On December 8, 2023, Tina filed a Motion to Remand arguing there is no diversity jurisdiction because Cognizant's principal place of business is located in Teaneck, New Jersey. (ECF No. 9 at 6.) Tina relies on *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), to determine where a corporation is considered a citizen. (*Id.* at 8.) The Supreme Court held a corporation's "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporations' activities. *Hertz*, 559 U.S. at 80. Tina states that Cognizant designates Teaneck, New Jersey as their "Principal Executive Office" on Form 10, on their

website, and their NDJR filing as its "Main Business or Principal Business Address" making it a citizen of New Jersey (ECF No. 9 at 8–9.)

On January 2, 2024, Defendants filed an Opposition (ECF No. 14) arguing Tina was an employee with Cognizant Technology Solutions U.S. Corporation, rather than the New Jersey based Cognizant Technology Solutions Corporation. (*Id.* at 5.) Defendants argue these are two separate offices that perform two separate functions. (*Id.* at 7.) Defendants argue that Tina works for the Texas-based entity which is evident on the paystubs she has received throughout her employment. (*Id.*) Leahy claims he has never worked for the New Jersey-based office, rather he has always worked for the Texas-based office remotely from Patterson, New York. (*Id.*) This is supported by Leahy's Declaration with his paystubs and offer letter. (ECF No. 14-1 Ex. B.) Defendants Opposition is supported by the Complaint, Declaration of James Leahy in Support of Defendants' Opposition to Plaintiff's Motion to Remand, and a search on the State of New Jersey, New Jersey Department of the Treasury, Division of Revenue and Enterprise Services, Business Name Search. ECF No. 14-1 Ex. A–C.)

On January 9, 2024, Tina filed a reply. (ECF No. 15.) Tina argues the issue before the Court is not at which office Tina worked rather the issue is where the principal place of business is located. (*Id.* at 4.) Tina argues that the Defendants have failed to mention the "nerve center" test and how it is applicable to the Texas-based office. (*Id.* at 5–7.) In addition, Tina argues that the Defendants are wrong in saying that the Texas-based entity and the New Jersey-based entity are two separate entities. (*Id.* at 9–10.) Tina relies on the single integrated enterprise doctrine, which states "two entities constitute one integrated enterprise when the entities have: (1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership." (*Id.* at 9) (quoting *NLRB v. Browning-Ferris Industries, Inc.*, 691 F.2d

1117, 1122 (1982)). Tina is claiming the Texas-based office is a smaller office which embodies the principal office in Teaneck. New Jersey. (*Id.* at 9–10.) In support of the Reply Memorandum, Tina attaches a true and accurate copy of a March 15, 2011, email confirming Tina as the manager for the New Jersey office. (ECF No. 15 Ex. 1.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441, "a defendant may remove any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. A federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. This ground of federal jurisdiction is known as diversity jurisdiction. With respect to diversity of citizenship, complete diversity among opposing parties is required for a federal court to retain jurisdiction. *Carden v. Arkoa Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). Diversity jurisdiction must have existed at the time of filing of the case. *Grand Union*, 316 F.3d at 410. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of service. 28 U.S.C. § 1446(b). Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir.

2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

To find diversity jurisdiction exists, the party asserting jurisdiction must meet certain prerequisites. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618. "Any removal to federal court on the basis of diversity jurisdiction must satisfy both the substantive jurisdiction requirements of 28 U.S.C.S. § 1332 and the procedural requirements regarding the timeliness of removal pursuant to 28 U.S.C.S. § 1446." *Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 885. The burden will be met if the party pleads sufficient facts to establish that there is jurisdiction. *Hensley v. Westin Hotel*, 2023 U.S. Dist. LEXIS 93377, at *7–8. The courts can consider and weigh extrinsic evidence when there is a dispute based on jurisdiction. *Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, No. 05-cv-0404, 2005 U.S. Dist. LEXIS 22546, at *29 (E.D. Pa. Oct. 4, 2005). "Where the moving party has challenged jurisdiction with supporting evidence, the plaintiff must respond to the facts as stated." *Id.* at 30.

### III. DECISION

In seeking remand, Tina argues the District Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because both Tina and Cognizant are citizens of New Jersey and therefore Cognizant does not satisfy the complete diversity requirement. (ECF No. 9 at 6.) Defendants argue this case is properly before this Court because Cognizant has its principal place of business in College Station, Texas, is incorporated in Delaware, and is therefore a citizen of those two states. (ECF No. 1 ¶ 9.)

A corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). "Incorporation refers to the formal process by which a legal entity known as a corporation is created, during which a formal governing document, *i.e.*, articles of incorporation, is filed with an appropriate State agency." *Cleary v. Avature, Inc.*, 560 F. Supp. 3d 851, 853 (quoting *Incorporation, Articles of Incorporation*, BLACK'S LAW DICTIONARY (11th ed. 2019). The United States Supreme Court adopted a "nerve center" test to identify a corporation's principal place of business *See Hertz*, 559 U.S. at 78. In *Hertz*, the Supreme Court held a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93. It is more than just where the corporation holds its board meetings, rather it is the nerve center for the corporation. *Id*. "For example, if the bulk of a company's business activities visible to the public take place New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York." *Id.* at 96. However, filing a form that lists an address for a company's principal place of business is not sufficient to establish a location as a company's nerve center. *Id.* at 97. "Although a corporation may have multiple offices, and its officers may telecommute from different locations, the corporation will be deemed to have only one principal place of business." *Sandoval v. LifeCell Corp.*, 2021 U.S. Dist. LEXIS 250607, at *5 (quoting *Hertz*, 559 U.S. at 94–96).

When opposing a motion to remand, the burden is on the removing party to prove by a preponderance of the evidence that there is diversity jurisdiction. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). When the removing party supports its contentions with affidavits, declarations in support of the notice of removal, this is sufficient to prove that the

District Court has subject matter jurisdiction. *Grosshuesch v. Mead Johnson & Co.*, 2022 U.S. Dist. LEXIS 10877 at *5. All three of the declarations attached to the Defendants' Notice of Removal state the principal place of business is in College Station, Texas. (ECF No. 1 ¶ 9. Ex. A–C.) Even though Tina relied on Form 10, on their website, and their NDJR filing as its "Main Business or Principal Business Address," this is not enough to constitute the New Jersey office as the principal place of business. (ECF No. 9 at 8–9); *see Hertz*, 559 U.S. at 97. Tina received paystubs from College Station, Texas (ECF No.1, Ex. C), there is the Human Resource department located at the Texas-based entity (ECF No. 15 at 4), and her employer, Leahy, is employed with the Texas-based entity. (ECF No. 14, Ex. B). The nerve center of Cognizant is Texas, because the top officers operate out of the Texas-based entity and the evidence provided supports Texas being the main headquarters[1]. *See Hertz*, 559 U.S. at 93.

The Defendants have met the burden of proof to prove by a preponderance of the evidence this court has subject matter jurisdiction. Cognizant's principal place of business is in College Station, Texas and the company is incorporated in Delaware. Therefore, Cognizant is a citizen of Texas and Delaware, and Tina's Motion to Remand is denied.[2]

### IV.   CONCLUSION

For the reasons set forth above, Tina's Motion to Remand (ECF No. 9) is **DENIED**. An appropriate order follows.

---

[1] There appears to be a question of which Cognizant entity Plaintiff is suing. Cognizant claims they have multiple and separate offices, located in New Jersey and Texas. (ECF No. 14 at 5, 7.) Tina cites the single integrated enterprise doctrine, arguing that the Texas-based entity and the New Jersey-based entity are one enterprise. (ECF No. 15 at 9.) Plaintiff may seek leave to amend her complaint, if appropriate, to reflect the proper defendant.

[2] If discovery reveals otherwise, plaintiff may renew her motion. At this time, however, the Court finds diversity exists between the parties.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 15, 2024